# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 18, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DONNA RICHARDS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0237** (BOR Appeal No. 2046122)
(Claim No. 2010130411)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Donna Richards, by J. Thomas Greene, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2012, in which the Board affirmed a July 1, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 11, 2011, decision closing Ms. Richards's claim on a temporary total disability basis. It also affirmed the claims administrator's March 7, 2011, decision denying Ms. Richards's request for authorization of work conditioning. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Richards worked for United Parcel Service, Inc. as a delivery driver. On March 31, 2010, she was injured while getting out of her delivery car when the door broke loose and hit her in the hip. The claim was held compensable for contusion of the hip. The claims administrator closed the claim on a temporary total disability basis and denied Ms. Richards's request for work conditioning. On August 10, 2010, Dr. Steinman concluded that Ms. Richards had reached maximum medical improvement. On December 20, 2010, Dr. Hennessey concluded that Ms. Richards's right hip contusion (bone bruise) had resolved by the date of his examination. On

1

February 10, 2011, Dr. Lynch concluded that Ms. Richards had not fully recovered from her compensable work-related injury that caused her right hip contusion and bone bruise.

The Office of Judges reversed the claims administrator's decisions dated October 12, 2010, and January 4, 2011, and held that the secondary condition of contusion of unspecified site (bone bruise) be added as a compensable condition, and that the requested MRI of the right hip be authorized. The adding of a secondary condition of contusion of unspecified site (bone bruise) as a compensable condition and authorizing the request for an MRI of the right hip are not being appealed. The Office of Judges further ordered that the claims administrator's decisions dated February 11, 2011, and March 7, 2011, be affirmed and held that the record does not demonstrate that closing the claim on a temporary total disability basis is improper or that Ms. Richards should be entitled to work conditioning. Ms. Richards disagrees and asserts that since Dr. Lynch has continued to treat her with physical therapy, medications, and injections that she is entitled to temporary total disability benefits from June 29, 2010, to March 7, 2011. Ms. Richards further asserts that there is no evidence to rebut Dr. Lynch's recommendation for work conditioning.

The Office of Judges determined that the Board of Review's Order dated March 28, 2011, that concluded Ms. Richards had reached her maximum medical improvement on August 10, 2010, was in accordance with Dr. Steinman's findings. Ms. Richards received temporary total disability benefits through August 10, 2010. On December 20, 2010, Dr. Hennessey concluded that Ms. Richards's right hip contusion had resolved. Therefore, the Office of Judges closed the claim for temporary total disability benefits because there was no medical evidence that demonstrated Ms. Richards's condition had been aggravated or had progressed since the findings of Dr. Steinman, nor that she is entitled to any additional temporary total disability benefits. Further, the Office of Judges concluded that since the evidence did not demonstrate that Ms. Richards was temporarily totally disabled then there is no need to authorize work conditioning. Ultimately, the Office of Judges closed the claim on a temporary total disability basis and denied Ms. Richards's request for work conditioning. The Board of Review reached the same reasoned conclusions in its decision of January 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED: November 18, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman

Justice Menis E. Ketchum
Justice Allen H. Loughry II